Matter of Mui (2021 NY Slip Op 04647)





Matter of Mui


2021 NY Slip Op 04647


Decided on August 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 05, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Sallie Manzanet-Daniels
Judith J. Gische
Barbara R. Kapnick
Troy K. Webber, JJ.


Motion No. 2021-02054 Case No. 2021-00696 

[*1]In the Matter of Michael H. Mui, an attorney and counselor-at law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael H. Mui (OCA Atty. Reg. No. 4266441), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on December 8, 2004.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Norma I. Melendez, Esq., of counsel), for petitioner.
Mark K. Anesh, Esq. and Jamie Wozman, Esq., for respondent.



Per Curiam 


Respondent Michael H. Mui was admitted to the practice of law in the State of New York by the Second Judicial Department on December 8, 2004. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee commenced this disciplinary proceeding by a petition of charges dated March 1, 2021 (Judiciary Law § 90[2], Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8) alleging that respondent was guilty of certain misconduct in violation of the Rules of Professional Conduct by intentionally making multiple false statements to a client, who retained him to pursue a wrongful termination claim, regarding the status of said client's case. Respondent's deliberate misrepresentations extended over the course of two years. The petition includes 18 charges and alleges that respondent has engaged in conduct involving dishonesty, fraud, deceit or misrepresentation; failed to file a state court claim on behalf of a client who had retained his firm to pursue such claim; failed to act with reasonable diligence and promptness in representing a client and failed to carry out a contract of employment; engaged in conduct that adversely reflected on his fitness as a lawyer; and failed to adequately supervise a paralegal at the firm.
The parties now jointly move under 22 NYCRR 1240.8(a)(5) for discipline by consent and request the imposition of a six-month suspension, and supervision by the Lawyer's Assistance Program (LAP) for a period of one year and until such further order of this Court. The Committee and respondent agree on the stipulated facts, including the misconduct itself and factors in aggravation and mitigation, and on the discipline. The following factual specifications are not in dispute:
At all times relevant to this proceeding, respondent practiced law as an associate at the law firm of Sack & Sack LLP (Sack Firm). In 2015, a client, who was a securities broker, retained the Sack Firm to commence litigation against his former employer, for retaliatory discharge. The client gave respondent a timeline relating to his discharge and remained in contact with respondent, who was assigned to the matter. Throughout 2016, respondent repeatedly told the client that a statement of claim had been filed with the Financial Regulatory Authority (FINRA), though such claim was not filed until July 10, 2017. On December 21, 2017, respondent advised the client that waiting on FINRA was getting them nowhere, stating "[l]et's discuss filing in court." On January 22, 2018, in response to an inquiry from the client, respondent stated that he "filed [the lawsuit] in court last week and will send it to the process server for service." This statement was false, as respondent had not filed the lawsuit nor contacted a process server. On February 20, 2018, respondent stated [*2]in an email to the client that the lawsuit "should have been served by now or will be imminently." On March 13, 2018, respondent stated that service of the complaint had been accomplished and that he would be "filing a request for a preliminary conference with the judge next week." These statements were false.
On September 14, 2018, in response to an email from the client requesting an update on the lawsuit, respondent wrote, "They're still delinquent with discovery," and "[O]ur court date was rescheduled because it was improperly put on during a Jewish holiday. I should have a new date next week." None of these statements were true. On November 16, 2018, respondent informed the client that he needed to reschedule the last court date. On February 6, 2019, respondent told him, "[W]e have a court date later this month. I'm going to ask the judge to allow me to file a motion for sanctions against them. They have not cooperated at all in discovery." On June 25, 2019, respondent told the client that he attended a court conference and discussed the possibility of a settlement with the court attorney. None of these statements were true, as respondent still had not even filed a complaint.
On February 5, 2020, the client's friend, a New York attorney, reached out to respondent to discuss the case and "play an active role" in it. In response, respondent stated, among other things, that he was out of state and wanted the attorney to hold off on filing a notice of appearance and that he wanted to discuss strategy with the attorney. Respondent later falsely told the attorney that the case was pending before Judge Debra James of the Supreme Court, New York County. Later that afternoon, the attorney learned that there was nothing on NYSCEF reflecting that a complaint had been filed on the client's behalf. The attorney then sent respondent an email seeking an explanation and requesting a copy of the complaint be sent to him "immediately."
Respondent falsely told the attorney that his paralegal had encountered problems when e-filing the initiating papers and that she had to file them in person. Respondent also sent the attorney a draft complaint under the guise that it was what he had filed with the court. On February 5, 2020, the attorney sent another email to respondent relaying a conversation he had with Justice James' law clerk, in which he learned that Justice James had no case before her regarding the client. On February 6, 2020, respondent and the Sack Firm were discharged.
Respondent admits that his actions, as set forth above, violated the New York Rules of Professional Conduct (RPC) (22 NYCRR 1200.0) to the extent that based upon the remaining 17 charges as alleged in the petition, he violated:
RPC 1.1(a) (a lawyer should provide competent representation to a client),
RPC 1.1(c)(1) (a lawyer shall not fail to seek the objectives of the client through reasonably available means permitted by law and these Rules),
RPC 1.3(a) (a lawyer shall act [*3]with reasonable diligence and promptness in representing a client),
RPC 1.3(b) (a lawyer shall not neglect a legal matter entrusted to the lawyer),
RPC 1.3(c) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services),
RPC 5.3(a) (a lawyer with direct supervisory authority over a nonlawyer shall adequately supervise the work of the nonlawyer, as appropriate),
RPC 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation),
RPC 8.4(h) (a lawyer shall not engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer).
The parties stipulate to the following factor in aggravation: respondent's dishonesty began in January 2018 and did not end until February 2020. The parties stipulate to the following factors in mitigation: respondent's personal and professional circumstances resulted in high levels of anxiety and stress at the time of his misconduct; his full cooperation with the Committee's investigation; his admission of wrongdoing; his genuine remorse for his unethical choices and his lack of any prior history of discipline.
Liability on all the charges has been established by respondent's admissions, which is amply supported by the stipulated facts. Accordingly, we grant the parties' motion for discipline by consent. As to the appropriate sanction, the parties agree that the discipline to be imposed should be a six-month suspension, with supervision by LAP for a period of one year. This Court accepts the parties' agreed upon sanction (see Matter of Weisel, 108 AD3d 39 [1st Dept 2013]).
Accordingly, this Court grants the parties' joint motion for discipline by consent and suspends respondent for a period of six months with supervision by LAP for a one-year period. The Committee's separately filed petition of charges is denied as moot (see Matter of Leighton, 158 AD3d 23 [1st Dept 2018]).
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8 (a) (5) is granted and respondent Michael H. Mui is suspended from the practice of law in the State of New York for a period of six months, commencing September 7, 2021, and until further order of this Court, with supervision by the New York City Bar Lawyer Assistance Program for a period of one year; and
It is further Ordered that the petition of charges is denied as moot, and
It is further Ordered that during his period of suspension, and until further order of this Court, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; and respondent is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto. Respondent is [*4]directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15) which are made part hereof, and
It is further ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered. August 5, 2021